# Whether the Office of the Vice President is an "Agency" for Purposes of the Freedom of Information Act

The Office of the Vice President is not an "agency" for purposes of the Freedom of Information Act

February 14, 1994

MEMORANDUM OPINION FOR THE
COUNSEL AND DIRECTOR OF ADMINISTRATION
OFFICE OF THE VICE PRESIDENT

This memorandum responds to your request for the opinion of the Office of Legal Counsel as to whether the Office of the Vice President ("OVP") is an "agency" for purposes of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). For the reasons set forth below, we conclude that it is not.

The FOIA definition of "agency" includes an "establishment in the executive branch of the Government (including the Executive Office of the President)." *Id.* § 552(f)(1). Relying on the conference committee report explaining the 1974 amendment to the definition, the Supreme Court has held that the term "agency" does not cover "'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980) (quoting H.R. Conf. Rep. No. 93-1380, at 15 (1974)).

As a threshold matter, we note that a court might decide that the OVP, which is only a small personal staff for the Vice President, does not even qualify as an "establishment." We believe that is a reasonable position, although the law is unsettled as to the definition of "establishment." There is no need to rely on that position, however, because in our opinion the following analysis, based on case law, definitively establishes that the OVP is not an "agency."

The OVP clearly satisfies the Supreme Court's "sole function" test, because the Vice President and his staff do not have "substantial independent authority in the exercise of specific functions," *Soucie v. David*, 448 F.2d 1067, 1073 (D.C. Cir. 1971), but rather have the sole function of advising and assisting the President. *See generally Meyer v. Bush*, 981 F.2d 1288, 1295 (D.C. Cir. 1993). The Vice President has no constitutional or statutory responsibilities as an executive branch officer,[1] and the common understanding that his executive role is limited to advising and assisting the President (as determined by each President) is confirmed by the statute authorizing appropriations and other assistance and services for the Vice

---

[1] There is no need, of course, to consider the Vice President's responsibilities as the President of the Senate, *see* U S Const art I. § 3, cl. 4, because the FOIA does not apply to Congress.

President: "In order to enable the Vice President to provide assistance to the President in connection with the performance of functions specially assigned to the Vice President by the President in the discharge of executive duties and responsibilities." 3 U.S.C. § 106(a).[2]

Indeed, because of the constitutional status of the Vice President, a court might decide that it is not even necessary to consider whether the OVP satisfies the "sole function" test. In holding that the President is not an agency for purposes of the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), the Supreme Court adopted an "express statement" rule:

> The President is not explicitly excluded from the APA's purview, but he is not explicitly included, either. Out of respect for the separation of powers and the unique constitutional position of the President, we find that textual silence is not enough to subject the President to the provisions of the APA. We would require an express statement by Congress before assuming it intended the President's performance of his statutory duties to be reviewed for abuse of discretion.

*Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992). Because the Vice President is also a constitutional officer, *see* U.S. Const. art. II, § 1, cl. 1, the same "express statement" rule should apply in the present context, which would necessitate an express reference to the Vice President rather than the general "establishment in . . . the Executive Office of the President" formulation. Thus, the absence of such an express statement in the FOIA definition of "agency" requires the conclusion that Congress did not intend to subject the Vice President and his Office to the FOIA.

The understanding that the Vice President and his staff, like the President and his staff, are outside the coverage of the FOIA is confirmed by the treatment of the OVP under the Presidential Records Act, 44 U.S.C. §§ 2201-2207 ("PRA"). These two statutes are "in pari materia" and should be construed together. The PRA covers all EOP records that are not covered by the FOIA. *See* H.R. Rep. 95-

---

[2] The OVP thus appears to present almost as straightforward and simple a case as the Office of the President (i e , the White House Office) with respect to satisfying the "sole function" test "The legislative history [of FOIA's 'agency' definition] is unambiguous . in explaining that the 'Executive Office' does not include the Office of the President " *Kissinger*, 445 U.S. at 156 (holding that Henry Kissinger's notes in capacity of Assistant to the President were not "agency records") More difficult questions are presented by the larger Executive Office of the President ("EOP") units with more diverse responsibilities, such as the Council on Environmental Quality, which has been held to be a FOIA agency, *see Pacific Legal Found v. Council on Envtl Quality*, 636 F.2d 1259 (D C Cir 1980), or the National Security Council ("NSC"), the FOIA status of which is being litigated, *see Armstrong v Executive Office of President*, 1 F 3d 1274, 1296 (D.C Cir 1993), and which this Office has recently opined is not a FOIA agency, *see* Memorandum for Alan J Kreczko, Special Assistant to the President and Legal Adviser, NSC, from Walter Dellinger, Acting Assistant Attorney General, Office of Legal Counsel, *Re Status of NSC as an "Agency" under FOIA* (Sept. 20, 1993).

1487, at 3 (1978) ("The definition of Presidential records was designed to encompass those records which currently fall outside the scope of the [FOIA].") *reprinted in* 1978 U.S.C.C.A.N. 5732, 5734; 44 U.S.C. § 2201(2)(B)(i) ("Presidential records" do not include "official records of an agency (as defined in [the FOIA]).")). The PRA contains an express statement that OVP records are presidential records rather than agency records. 44 U.S.C. § 2207 ("Vice-Presidential records shall be subject to the provisions of this chapter in the same manner as Presidential records."). *See generally Armstrong v. Bush*, 924 F.2d 282, 286 n.2 (D.C. Cir. 1991) (explaining that components of the EOP fall into two categories — those that create presidential records subject to the PRA and those that create federal (i.e., agency) records subject to the Federal Records Act and the FOIA; OVP is in former category).

For the foregoing reasons, we conclude that the Office of the Vice President is not an "agency" for purposes of the Freedom of Information Act.

WALTER DELLINGER
*Assistant Attorney General*
*Office of Legal Counsel*